UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| | ) No. 2:16-cr-153-PPS-JEM |
| MONIQUE S. BOWLING, | ) ) ) |
| Defendant. | ) ) |

## **OPINION AND ORDER**

Before the Court is Defendant Monique Bowling's Motion to Sever. [DE 122.] Bowling requests the Court sever Count 1 from Counts 2-6 in the Indictment.[1] The Government has not filed an objection.

Count 1 charges Bowling with theft from a local government receiving federal funds, in violation of 18 U.S.C. Sections 666(a)(1)(A) and 2. Specifically, the Government alleges that being an employee of the City of Gary, Indiana, a local government which during a one-year period received federal benefits in excess of $10,000, Bowling stole and obtained by fraud more than one thousand Apple iPads and other computer equipment under the care, custody, and control of the City of Gary, Indiana, and valued at least $5,000. [DE 1 at 2.] Bowling worked as a network administrator for Gary's IT Department. [DE 1 at 1.] As a network administrator, she

---

[1] Technically, Bowling moved to sever Count 1 from Counts 2-5, but this must be a typographical error, because there are 6 counts in the Indictment, and 2-6 are clearly related.

could order equipment from vendors for Gary's departments and agencies connected with it. [DE 1 at 1.]

Counts 2 through 5 of the Indictment charge Bowling with mail fraud in violation of 18 U.S.C. Section 1341. [DE 1 at 3-4.] The mail fraud is based on obtaining and negotiating pension checks after a person's death. JHT lived at Bowling's residence before he died on September 2, 2010. [DE 1 at 3.] On a monthly basis, JHT received a pension check mailed from a steel making business. *Id.* After he died, Bowling allegedly participated in a scheme to defraud – she obtained JHT's pension check each month, used his Indiana identification card to cash some of the checks at a business in Gary, Indiana, used JHT's Indiana identification card to open a bank account in JHT's name, deposited some of JHT's pension fund checks into the bank account, spent the funds from the pension checks, and failed to notify the steel company that JHT had died. [DE 1 at 3-4.] Each of the four counts (Count 2-5) is based upon a specific date of mailing a monthly pension check to Bowling's residence. [DE 1 at 4.] Finally, Count 6 is aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1) and (2) based on Bowling alleging using JHT's identification card in relation to the mail fraud. [DE 1 at 5.]

Bowling contends that Count 1 is misjoined with Counts 2-6. Alternatively, if there has been no misjoinder under Federal Rule of Criminal Procedure Rule 8(a), Bowling asserts that she should be granted a severance under Federal Rule of Criminal Procedure 14, which grants relief from prejudicial joinder. "Misjoinder occurs when the government charges in the same indictment crimes not satisfying the criteria of Federal

Rule of Criminal Procedure 8(a))." *United States v. Simmons*, 606 F. App'x 848, 850 (7th Cir. 2015). "By contrast, under Federal Rule of Criminal Procedure 14(a), a district court may sever properly joined charges if separate trials are necessary to avert prejudice to a party." *Id.*

Rule 8(a) permits joinder of offenses where they are (1) "of the same or similar character," (2) "based on the same act or transaction," or (3) "constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). I must look only to the face of the indictment to determine if the charged offenses should be in the same indictment. *United States v. Alexander*, 135 F.3d 470, 475 (7th Cir. 1998). The Seventh Circuit has held that Rule 8(a) "is a rather clear directive to compare the offenses charged for categorical, not evidentiary, similarities." *Id.* at 476. It is only required that the offenses be similar. *United States v. Turner*, 93 F.3d 276, 283 (7th Cir. 1996). The rule is construed broadly "in the interest of conserving judicial resources and avoiding costly, duplicative trials." *United States v. Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008).

In this case, the allegations in Count 1 are not sufficiently related to those in Counts 2-6 to constitute proper joinder. The alleged theft in Count 1 is related to Bowling's employment with the City of Gary, and her fraudulently stealing more than one thousand iPads and computer equipment owned by the city. In stark contrast, the mail fraud and identity theft in Counts 2-6 is an alleged scheme where Bowling took JHT's pension checks (mailed from a steel making business to her residence), used his identification card to open a bank account in JHT's name, deposited some of the pension fund checks into that bank account, and failed to notify the steel company that

3

JHT had died. I cannot say the Government theft alleged in Count 1 is the same or similar conduct to the misappropriation of the pension checks in Counts 2-5 or the identity theft in Count 6 related to the cashing of the pension fund checks. And it definitely is not based on the same act or transaction, or part of a common scheme or plan. Therefore, I find that the counts were misjoined.

Even if joinder was appropriate under Rule 8(a), severance would be called for under Rule 14. Rule 14 provides, "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts." Fed. R. Crim P. 14(a). Here, the allegations of mail fraud based upon receiving JHT's pension checks and identity theft would very likely improperly influence the jury in its determination of guilt on the unrelated charge in Count 1. If the jury found Bowling did commit either Count 1 or Counts 2-6, that determination could very likely improperly influence their finding on the other charges.

For the reasons set forth in this Order, the Motion to Sever [DE 122] is **GRANTED**. The trial on Count 1 will occur first, and is set for January 14, 2019. Upon completion of the trial on Count 1, then the trial on Counts 2-6 shall occur. The trial date for Counts 2-6 will be set by separate order from this Court.

ENTERED: December 4, 2018

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4