UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:16-CR-153-PPS |
| ) | |
| MONIQUE S. BOWLING, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Monique Bowling filed a Motion for Reconsideration of my opinion and order dated August 21, 2020, denying her 18 U.S.C. Section 3582(c)(1)(A)(i) motion for compassionate release. [DE 207.] The Government filed a response in opposition on November 16, 2020. [DE 215.] Bowling filed a letter on December 1, 2020, which I take as a reply, stating she tested positive for COVID-19 on November 5, 2020, and then again on November 20, 2020, that she is short of breath and coughing, and that there is an outbreak at her institution. [DE 219.] For the reasons set forth below, the motion to reconsider is denied.

On August 21, 2020, I issued a comprehensive order in this case, analyzing the combination of Bowling's circumstances, and finding she did not show extraordinary and compelling reasons warrant a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). [DE 207.]  In her original motion, Bowling argued in light of the COVID-19 pandemic and her multiple health issues including an iron deficiency, Type 2 diabetes, and high blood pressure, that her release from FCI Greenville in Greenville, Illinois, was justified.

As articulated in my order, I considered the serious nature of Bowling's long lasting scheme to defraud the City of Gary of more than one million dollars when she ordered more than one thousand Apple iPads and other computer equipment from Gary's vendors, but then personally sold the computers for her own financial gain. I also explained Bowling's refusal to cooperate with her trial counsel, her refusal to accept responsibility, the determination that she was malingering in an effort to evade criminal prosecution, and Bowling remaining mute throughout the trial and other proceedings held before me. In reviewing the section 3553(a) factors, I also recognized that with a projected release date of April 14, 2023, Bowling had served less than half of her sentence. I also reviewed Bowling's health, including that she is 48 years old, suffers from Type-2 diabetes, anemia, high blood pressure, back pain, and depression. FCI Greenville medical records confirmed that she receives multiple medications, she receives two daily insulin shots, and her glucose level is tested each time. [DE 207 at 7-8.] I found all of these factors, taken together, did not justify compassionate release.

At the end of the order, I acknowledged that issues surrounding COVID-19 are changing and developing. I told Bowling that if factual developments warrant a reconsideration, she was free to exhaust her administrative remedies again, and file a new motion under § 3582(c)(1)(A). Bowling followed this route by submitting another request for compassionate release in September 2020, which the BOP denied finding Bowling did not have a debilitating condition and was able to take care of herself without assistance. [DE 215-4, DE 217.] On September 29, 2020, the BOP undertook a

review of Bowling's conditions and determined that she is in stable condition and has good compliance with her medical treatments. [DE 217 at 3.]

In her most recent letter, Bowling states she tested positive for COVID-19 on November 5, 2020 and is experiencing symptoms including coughing and shortness of breath. [DE 219.] Yet, with its response in opposition, the government produced BOP records explicitly showing the result for Bowling's COVID-19 test on November 5, 2020, was *negative* and she was asymptomatic. [DE 217 at 68.] In her motion for reconsideration, Bowling finally indicated some remorse for her actions, and yet the government attached an e-mail from her prison account where Bowling states she "just got caught in the middle of some mess" and "the fed's are dirty." [DE 215-6.] While Bowling continues to emphasize her medical issues and difficulties, other e-mails from her prison account show that one day she walked 4 miles and ran for ½ a mile [DE 215-4 at 1], and on another day, she went to church and walked 2 miles [DE 215-4 at 2]. While Bowling asserts 120 out of 150 inmates have tested positive for COVID-19 in her institution [DE 219], the government attached an e-mail from the BOP stating that as of November 13, 2020, there were only 30 inmates that tested positive at the female camp at FCI Greenville. [DE 215-5.]

I once again find myself in the uncomfortable position of questioning Bowling's truthfulness. Even if I take Bowling's version of the events as true, I still do not think compassionate release is warranted. If Bowling currently has COVID-19, it is tough to say that she should be released to live at home with her husband, who she could infect.

3

If Bowling has successfully recovered from the virus, than that is actually good news and she is unlikely to be infected again any time in the near future.  If the Government's account is true and Bowling never had COVID-19, then Bowling has been in stable condition in prison, she is compliant with her treatments for diabetes, and her health conditions do not justify release.

For all of these reasons, Bowling still has not shown the factors under section 3553(a) warrant release or that extraordinary and compelling reasons warrant such a reduction under § 3582(c)(1)(A).

ACCORDINGLY, the Motion for Reconsideration [DE 213] is DENIED.

SO ORDERED.

ENTERED: December 2, 2020.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT